UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.               5:08-CR-671
                        (FJS)
HAROLD CARR,

       **Defendant.**

---

**APPEARANCES**            **OF COUNSEL**

**OFFICE OF THE UNITED**     **MICHAEL D. GADARIAN, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**HAROLD CARR**
1423 Albany Street
Utica, New York 13501
Defendant *pro se*

**SCULLIN, Senior Judge**

## ORDER

  Pending before the Court is Defendant's *pro se* motion for early termination of his supervised release. *See* Dkt. No. 470. In support of his motion, Defendant asserts that he has complied with supervision and maintained employment. *See id.* The Government opposes the motion. *See* Dkt. No. 472.

  The Court (Mordue, J) sentenced Defendant in 2011 to 87 months' imprisonment and five years of supervised release following his conviction by guilty plea to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base and Possession of a Firearm During and in Relation to a Drug Trafficking Crime. *See* Dkt. Nos. 231, 324. Defendant began the supervised

release portion of his sentence in May 2015; and, thereafter, he committed several violations involving alcohol, cocaine, and ammunition. As a result of these violations, the Court revoked Defendant's supervision in July 2017 and sentenced him to 60 months' imprisonment to be followed by 36 months' supervised release. *See* Dkt. Nos. 429, 430. Defendant began this term of supervision in June 2021.[1]

As relevant here, in the case of a defendant who has completed one year of supervision, the Court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

The Court recognizes that Defendant has made some progress since his release and commends him for his efforts. However, the Court is also aware that Defendant had a violation of supervision involving alcohol within the past year; and the Court must consider Defendant's past problems complying with supervision and the fact that he has completed not quite half of his current 36-month term. After due consideration, the Court concludes that supervision continues to serve the purpose of rehabilitation.

Accordingly, after careful consideration of all the facts and the factors in 18 U.S.C. § 3553(a), including Defendant's characteristics and criminal history and the need to provide him with continued support and oversight, the Court concludes that termination of supervision is not warranted by Defendant's conduct nor is it in the interest of justice at this time. Therefore, the Court hereby

**ORDERS** that Defendant's motion for early termination of supervision, *see* Dkt. No. 470, is **DENIED**; and the Court further

---

[1] This case was reassigned to the undersigned on January 25, 2023. *See* Dkt. No. 474.

**ORDERS** that the Clerk of the Court shall serve copies of this Order in accordance with this District's Local Rules.

**IT IS SO ORDERED.**

Dated; February 1, 2023
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge